IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROHAN HAROON,

    Plaintiff,                 No. CIV S-06-0450 DFL DAD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION, et al.,            ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

        The district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

---

[1] The certificate section of the application form has not been completed by an authorized officer at plaintiff's institution of incarceration, and the application does not include a certified copy of plaintiff's prison trust account statement for the six month period immediately preceding the filing of his complaint. See 28 U.S.C. § 1915(a)(2).

1

1  immune from such relief.  28 U.S.C. § 1915A(b).  See also 28 U.S.C. § 1915(e)(2) (requiring the
2  district court to dismiss a case in which the plaintiff seeks to proceed in forma pauperis, if the
3  action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant
4  immune from such relief).
5        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim has an arguable legal and
10  factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
11        A complaint may be dismissed for failure to state a claim upon which relief may
12  be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the
13  complaint that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);
14  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
15  a complaint under this standard, the court must accept as true the allegations of the complaint.
16  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also
17  construe the pleading in the light most favorable to the plaintiff and resolve doubts in the
18  plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19        The Civil Rights Act under which this action was filed provides as follows:

20      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
21      deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
22      law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each
24  defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v.
25  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
26  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

2

§ 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The State of California and its agencies have not consented to suit.

The plaintiff in the present case is confined in California Medical Facility. He lists as defendants the California Department of Corrections and Rehabilitation ("CDCR"); Roderick Hickman, Secretary of the CDCR; John Doe, warden of Susanville State Prison; and John Does 1-3, prison guards at Susanville State Prison. Plaintiff alleges that he is not a gang member and in June 2002 three prison guards released him into a hostile prison yard where he was attacked by several gang members. Plaintiff suffered severe injuries that left him in a coma, partially paralyzed, with severe neurological damage. Plaintiff alleges that defendants Hickman and the warden are responsible because they were aware of a policy of prison guards jeopardizing the safety and welfare of non-gang members by placing them on yards with gang members. Plaintiff seeks declaratory relief, an order requiring defendants to perform surgery to correct plaintiff's neurological damage, monetary damages, and appointment of counsel.

Plaintiff alleges that there is an administrative remedy process available at his institution, that he did not file a grievance concerning the facts contained in his complaint, and that he did not do so because he was in a coma and hospitalized for over a month and missed the 15-day deadline to file an inmate grievance.

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736. Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6. A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.

In the present case, plaintiff's complaint contains a concession to nonexhaustion. State regulations explicitly provide that an appeal may be screened out as time-barred only if "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Cal. Code Regs. tit. 15, § 3084.3(c)(6). An inmate who is in a coma for a month would not have the opportunity to file within the prescribed time

constraints and should therefore file within those time constraints when he has the opportunity to file.  The present case should be dismissed without prejudice to the filing of a new civil rights action after the grievance process has been completed.  Plaintiff is informed that a new action brought after exhaustion is complete should not bear the case number assigned to this action.  A new action should be accompanied by a properly completed application to proceed in forma pauperis.

If plaintiff were to proceed with this action, the court would dismiss his complaint because he has not named any defendant who can be served with the complaint.  Plaintiff's conclusory allegation of supervisorial liability is insufficient to link defendants Hickman and the warden to plaintiff's claims, and the Eleventh Amendment serves as a jurisdictional bar to plaintiff's claim for damages from the CDCR.  Plaintiff's claims against defendants CDCR, Secretary Hickman, and the warden of Susanville State Prison are therefore legally frivolous and must be dismissed.  Plaintiff has not provided the names of the three correctional officers who released him into a hostile yard in June 2002 and has not named any medical staff as defendants.  All of plaintiff's claims are therefore subject to dismissal as legally frivolous.

Plaintiff is informed that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In this case, the court does not find the required exceptional circumstances.

Finally, the court notes that plaintiff's complaint contains an inaccurate statement with regard to previous lawsuits.  Plaintiff alleges that he has not brought any other lawsuits while a prisoner.  This court's records reflect that plaintiff previously filed a civil rights action while confined at Pleasant Valley State Prison; the defendants were Warden James Yates and Chief Medical Officer Bendon.  <u>See</u> Case No. CIV F-04-5377 REC SMS P.  Plaintiff requested

1  voluntary dismissal of that action on April 16, 2004, and the request was granted on May 4,
2  2004.
3             Accordingly, IT IS HEREBY ORDERED that:
4             1. Plaintiff's March 6, 2006 application to proceed in forma pauperis is denied;
5             2. The request for appointment of counsel included in plaintiff's complaint is
6  denied; and
7             IT IS RECOMMENDED that this action be dismissed without prejudice for
8  failure to exhaust available administrative remedies before bringing the action.
9             These findings and recommendations will be submitted to the United States
10 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
11 twenty days after being served with these findings and recommendations, plaintiff may file
12 written objections with the court. A document containing objections should be titled "Objections
13 to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
14 objections within the specified time may, under certain circumstances, waive the right to appeal
15 the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: April 25, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:13:bb
haro0450.efr

6